'*May*, 1820.

## McGrew *against* Cato's Executors.

No action can be sustained for a private injury involved in a felony, until after acquittal of the felony.

*STERLING CATO* brought his action of trespass *vi et armis*, in the Superior Court of *Washington* county *vs. John McGrew* and another for killing his slave. *Cato* died pending the action, and it was revived in the name of his executors: Verdict of Guilty against *McGrew*, and of Not Guilty as to his co-defendant. Judgment against *McGrew*, on which he brought his Writ of error. The matters embraced by the assignments of error and bill of exceptions, appear in the opinion of the Court.

*Per Curiam.*—When a human being is slain, the law presumes a felony until the contrary appears. While this presumption exists, the private injury is merged in the felony. The Court below erred in refusing to instruct the Jury, that this was good matter of defence, under the general issue, and in instructing the Jury that the plaintiffs could recover for the private injury before an acquittal for the presumed felony. On these grounds the judgment must be reversed.

*Crawford* for plaintiff in error, cited Bull, N. P78. Stra. 872. 10 Coke, 133.

*Pickens* for defendants, cited Chitty's Pl. 486, 491—6. 2d Saund. 155. Burr. 1353. 1 Wilson, 45.